NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0005n.06

No. 21-4029

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 04, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| DEANDRE ALLEN, | ) ) ) | COURT FOR THE NORTHERN DISTRICT OF |
| Defendant-Appellant. | ) ) ) ) | OHIO |

Before: BATCHELDER, BUSH, and DAVIS, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.** Defendant-Appellant Deandre Allen pleaded guilty to four counts of possession of controlled substances with intent to distribute and one count of possessing a firearm in furtherance of a drug trafficking crime. The court sentenced him to 144 months imprisonment. On appeal, Allen argues that we should reverse his conviction because the district court (1) improperly denied his request for a *Franks* hearing, and (2) improperly denied his motion to suppress. For the following reasons, we **AFFIRM**.

## I.     Background and Procedural History

### A.  Background

In March 2019, a confidential reliable informant contacted detectives from the Southeast Area Law Enforcement Task Force ("SEALE"). The informant told Detective Michael Griffis and other detectives that a black male was selling heroin at various locations in Cuyahoga County, Ohio, near Garfield Heights. The informant also told detectives the seller's phone number, that

the seller went by the nickname "Boo Gotti," that he drove a black truck, and most recently was driving a silver SUV with an Ohio license plate of "GMC4021."

After receiving this information, the detectives searched their database for that license plate number and learned that the SUV was an Enterprise rental vehicle. They contacted Enterprise, and an Enterprise employee allegedly told them that Tiffany Jones rented the vehicle and "gave the address 5820 Linda Lane, Garfield Heights (Cuyahoga) Ohio 44125." The detectives then searched Accurint, a public records database, and discovered that Allen was associated with the Linda Lane address. The detectives were familiar with Allen, as he has a criminal history of drug possession and trafficking. The informant also positively identified Allen as "Boo Gotti."

On March 12, 2019, the detectives directed the informant to set up a controlled buy with Allen. One detective surveilled the Linda Lane house while the informant contacted Allen to set up the controlled buy. The detective saw the SUV parked in the driveway at the time. Shortly after the controlled buy was arranged, the surveilling detective saw Allen leave Linda Lane in the SUV and drive directly to the controlled-buy location. Immediately after the buy, the informant gave the police the purchased drugs, which tested positive for the presence of fentanyl. The detectives did not follow Allen immediately after the controlled buy, but the detective surveilling the Linda Lane house in the "early morning hours and late evenings after the controlled buy" saw the SUV parked in the driveway.

Based on this information, plus Griffis' extensive training and expertise in drug crimes and drug trafficking, Griffis believed probable cause existed to search the house for evidence of drug trafficking. Griffis submitted an affidavit for a search warrant, which detailed the above facts. The state court judge issued a search warrant on March 14, 2019. On March 19, 2019, law

enforcement executed the warrant and seized heroin, crack cocaine, fentanyl, six digital scales, two firearms, a high-capacity drum-style magazine, multiple cell phones, and $6,450 in cash.

## B. Procedural History

Allen was charged with: one count of unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o) and 924(a)(2) (Count 1); four counts of possession with intent to distribute heroin, acetylfentanyl, fentanyl, cocaine base, and heroin, in violation of 18 U.S.C. § 841(b)(1)(C) (Counts 2-5); and one count of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Count 6).

Allen moved to suppress the evidence obtained during the search, arguing that the search warrant affidavit lacked probable cause because there was no nexus between the Linda Lane house and drug trafficking. Allen also requested a *Franks* hearing. He alleged that the search warrant affidavit contained "material misrepresentations and omissions." Allen pointed out that Tiffany Jones did not provide Enterprise the Linda Lane address on the rental agreement—the rental agreement listed a South Euclid address. Because Enterprise only had a record of the address the renter provided on the rental agreement, Allen argued that Griffis must have lied about how he connected Allen to the Linda Lane address. Allen further argued that not only does the affidavit contain false information, it contains a material omission that would explain how the detectives linked Allen with the Linda Lane house because the information could not have come from Enterprise. He also argued that the affidavit lacked probable cause on its face because it did not establish a nexus between the crime and the Linda Lane house.

The district court denied Allen's motion to suppress and his request for a *Franks* hearing. In denying the *Franks* hearing, the district court held that Allen failed to make a substantial preliminary showing that the affidavit included a knowingly and intentionally false statement or a

statement made with reckless disregard for the truth. The court stated that "[n]either the Enterprise invoice nor Tiffany Jones' affidavit is evidence that Det. Griffis made a deliberate false statement or acted with reckless disregard of the truth." Nor did Allen make a showing that Griffis intended to mislead by omitting facts about how Griffis obtained the Linda Lane address. The district court also discussed that, even if the statement was knowingly and intentionally false, probable cause existed to issue the search warrant without the allegedly false statement. The court further held that the affidavit does not lack probable cause on its face because there was a nexus between Linda Lane and the crime.

Allen then moved to re-open the evidence regarding suppression, to supplement his motion to suppress, and to permit testimony. The court denied the motion. Allen subsequently pleaded guilty to Counts 2 through 6 pursuant to a binding plea agreement, which reserved his right to appeal the denial of his motions to suppress. The court sentenced Allen to 144 months in prison. This timely appeal followed.

## II. Legal Standard

The court reviews the denial of a *Franks* hearing and motions to suppress under the same standard: we review factual findings for clear error and conclusions of law de novo. *United States v. Bateman*, 945 F.3d 997, 1007 (6th Cir. 2019). We affirm on appeal denials of motions to suppress "if the district court's conclusion can be justified for any reason." *Id.* at 1005 (quoting *United States v. Moorehead*, 912 F.3d 963, 966 (6th Cir. 2019)).

## III. Discussion

On appeal, Allen argues that he was improperly denied a *Franks* hearing because the search warrant affidavit contains a false statement—how Griffis connected Allen to the Linda Lane house—that amounts to a material omission required to establish probable cause. He also argues

that the affidavit does not establish probable cause on its face because it lacks a nexus between drug trafficking and the Linda Lane house. Both arguments lack merit.

### A. *Franks* Hearing

Allen argues that the district court improperly denied him a *Franks* hearing because he made a substantial preliminary showing that Detective Griffis knowingly or intentionally made a false statement in the search warrant affidavit, the removal of which results in a material omission required for probable cause. We disagree.

To obtain a *Franks* hearing, Allen must (1) "make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit," and (2) "prove that the false statement or material omission is necessary to the probable cause finding in the affidavit." *Bateman*, 945 F. 3d at 1008 (quoting *United States v. Young*, 847 F.3d 328, 348-49) (6th Cir. 2017)) (cleaned up); *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). When an omission is claimed, the plaintiff must make "a strong preliminary showing that the affiant with an intention to mislead excluded critical information from the affidavit." *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) (emphasis removed). To determine if the false statement or material omission is necessary, the court must set aside the statement and determine if the rest of the warrant affidavit contains sufficient content to find probable cause. *Id.* If the affidavit does support a finding of probable cause without the statement, no hearing is required. *Id.*; *see also Franks*, 438 U.S. at 171-72.

The district court did not err when it held that Allen could not make the preliminary showing that Griffis knowingly and intentionally omitted material information or included a false statement in the affidavit. Allen provided information that suggests Griffis did not discover the connection between Allen and Linda Lane from Enterprise. This includes an affidavit from

Tiffany Jones stating that she did not give Enterprise the Linda Lane address and a copy of the Enterprise rental agreement, which does not have the Linda Lane address on it. But this information is not enough to establish that Griffis knowingly and intentionally lied or intended to mislead when he included the information in the affidavit. Allen provides no evidence that shows Griffis' intent to lie or knowledge that he was lying. Nor does Allen provide any indication that Griffis omitted facts with an intention to mislead. Allen's argument that no other conclusion can be reached but that Griffis lied is unconvincing. For example, Griffis may have misremembered how he obtained the information. Without more proof, Allen has failed to meet his heavy burden to make a substantial preliminary showing that Griffis knowingly and intentionally included a false statement or material omission in the search warrant's affidavit.

### B. Probable Cause

Even if we were to find a knowingly and intentionally false statement or material omission in the search warrant affidavit, Allen cannot show that the statement or omission is necessary to finding probable cause. Nor can Allen show that the affidavit lacks probable cause on its face. Allen argues that the basis for connecting him to the Linda Lane address is necessary to finding probable cause because, without it, the required nexus between the house and the crime of drug trafficking is missing. The facts, however, show that the required nexus is established and gave the court probable cause to issue the search warrant.

"The standard of review for determining the sufficiency of the affidavit is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quotation marks omitted). The magistrate judge's finding of probable

cause is "afforded great deference." *Id.* The court considers the evidence "in the light most favorable to the government." *Id.*

To establish probable cause, an affidavit must contain facts that indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quotation marks omitted). An affidavit must establish a sufficient nexus between the location to be searched and the illegal activity. *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). This is a fact-intensive inquiry that requires looking at the totality of the circumstances. *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016).

"[A] nexus exists between a known drug dealer's criminal activity and the dealer's residence when some reliable evidence exists connecting the criminal activity with the residence." *United States v. Gunter*, 266 F. App'x 415, 419 (6th Cir. 2008). No one needs to purchase drugs directly from the house for reliable evidence to exist. *United States v. Jenkins*, 743 F. App'x 636, 644 (6th Cir. 2018). A magistrate judge can infer a fair probability that, "[i]n the case of drug dealers, evidence is likely to be found where the dealers live," even if "the affidavit did not state that such evidence had been observed directly." *Brown*, 828 F.3d at 383 (citations omitted). However, status as a drug dealer alone does not "give[] rise to a fair probability that drugs will be found in his home." *Id.* There must be some other reason to believe drugs or other evidence of a crime will be found at his home, "such as descriptions of controlled buys or informants' firsthand knowledge." *United States v. Fitzgerald*, 754 F. App'x 351, 358-60 (6th Cir. 2018); *Peffer v. Stephens*, 880 F.3d 256, 272-73 (6th Cir. 2018).

Even after striking Griffis' statement about how he connected Allen to Linda Lane, the affidavit still provides probable cause to connect the Linda Lane house with the crime of drug trafficking. One of the detectives, who was surveilling the house from a public vantage point, saw

Allen leave the Linda Lane house, drive away in the SUV, and go straight to the location of the controlled buy. Allen then conducted the controlled buy, which confirmed that Allen was selling drugs. The detectives later observed the SUV outside the Linda Lane house. Allen was also a known drug dealer. The combination of these facts is enough to "give rise to a fair probability" that Allen was trafficking drugs and that drugs or drug paraphernalia may be inside the house. How the police officers connected Allen to the SUV, then, was not necessary to establishing probable cause because other facts provide a sufficient nexus between the house and drug trafficking.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Allen's motion to suppress and request for a *Frank*'s hearing.